■ In the Matter of HIPPS.— Motion to disqualify the original Family Court Judge from presiding over a reopened hearing, for which remanded by order of this court entered on June 29, 1972, is granted, and the order of remand modified to provide that the matter be heard de novo before another Judge. In our prior disposition of this matter (40 A D 2d 513), we pointed out the insufficiency of the evidence "in two important aspects to justify the result reached", and we "remanded to reopen the hearing and take further proof in these areas." The application for disqualification is based on a claim of prejudgment; this is denied in a response by the Judge, and indeed there is no reason to suppose that the continued hearing would not be completed properly and the matter decided entirely on the merits. Believing that our prior memorandum mandates the same Judge to continue the reopened hearing "in the absence of a direction or order to the contrary," the Judge has nevertheless indicated a willingness, "in order to prevent any apprehension by petitioner of unfair treatment" to be disqualified "if it is proper * * * to do so." We perceive no impropriety in the Judge's so doing, and accordingly lift the burden, remanding instead to another Judge to hear the matter de novo, or, if the parties should so stipulate, upon the original record together

with the additional evidence we have ordered taken. Concur — Stevens, P. J., McGivern, Markewich, Murphy and Steuer, JJ.